UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JEREMY LAWSON, | ) |
| Petitioner, | ) ) ) |
| v. | )  Case No. 1:14-cv-0250-WTL-DML |
| BRIAN SMITH, | ) ) ) |
| Respondent. | ) |

**Entry Denying Petition for Writ of Habeas Corpus**

The petition of Jeremy Lawson for a writ of habeas corpus challenges a prison disciplinary proceeding identified as No. IYC 13-02-0123. For the reasons explained in this entry, Lawson's habeas petition must be **denied**.

**A. Overview**

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000).

## B. The Disciplinary Proceeding

On February 10, 2013, Officer Willever wrote a Report of Conduct in case IYC 13-02-0123 charging Lawson with engaging in an unauthorized financial transaction. The conduct report states:

> On 2-10-2013 at approximately 6:40 P.M., I Officer M. Willever, while monitoring the PCS Offender Phone Services, did clearly hear Miss Amanda Ryan recite to Offender Lawson, Jeremy #163040 a 14 digit number in code. (Amanda, Grandpa, Lori, Wesley, grandpa, Amanda, Amanda, Jeremy, Josh, Lori, Jerry, Grandma, Grandpa, Jerry). These names add to 14. Furthermore, at 15:22 during the call Offender Lawson said, "Them are 14 digits, honey." The call occurred on 2013 02 10 at 1832 (6:32) and at 06:20 during the call.

[Filing no. 12-1]. On February 11, 2013, Lawson was notified of the charge of engaging in an unauthorized financial transaction and was given a copy of the conduct report and the Notice of Disciplinary Hearing "Screening Report." He was notified of his rights and pled not guilty. He requested a lay advocate but did not request any witnesses. Lawson requested as physical evidence the PCS phone system. [Filing no. 12-2].

The hearing officer conducted a disciplinary hearing in IYC 13-02-0123 on February 11, 2013, and found Lawson guilty of the charge of engaging in an unauthorized financial transaction. [Filing no. 12-3]. In making this determination, the hearing officer considered the conduct report and the offender's statement. The hearing officer imposed the following sanctions: a 7 day suspension of phone privileges and a 30 day credit time deprivation. These sanctions were imposed because of the likelihood of the sanction having a corrective effect on the offender's future behavior. [Filing no. 12-3].

Lawson appealed the disciplinary proceeding through the administrative process. His appeals were denied. He now seeks relief pursuant to 28 U.S.C. § 2254 arguing that his due process rights were violated.

**C. Analysis**

Lawson asserts he was deprived of due process. Specifically, he asserts that he was charged with the wrong offense and that he was denied evidence. Lawson received all the process to which he was entitled. That is, the charge was clear, adequate notice was given, and the evidence was sufficient.

First, Lawson asserts that he was charged with the wrong offense. He was charged with 220B engaging in unauthorized financial transaction. He claims he should have been charged with 306C possession of money/currency. [Filing no. 1, at ECF p. 3]. The definition for engaging in unauthorized financial transaction is:

> Engaging in or possessing materials used for unauthorized financial transactions. This includes, but is not limited to, the use or possession of identifying information of credit cards, debit cards, or any other card used to complete a financial transaction.

[Filing no. 12-7]. According to the conduct report, Lawson called Amanda Ryan and she recited a 14-digit code to him. A 14-digit code corresponds with the numbers on a Green Dot or similar prepaid debit card. Green Dot cards are unauthorized by the Indiana Department of Correction because they are used to bring contraband into the facility or to facilitate unauthorized financial transactions between offenders. [Filing no. 12-6, at ECF p. 1]. The facts in this case support the charge of 220B engaging in unauthorized financial transaction. Lawson's friend, Amanda Ryan, recited to him a 14-digit code for a number from a Green Dot or other similar prepaid debit card.

As such, he was in "possession of identifying information of credit cards, debit cards, or any other card used to complete a financial transaction." [Filing no. 12-7].

To the extent Lawson's argument can be understood to challenge the sufficiency of the evidence, this claim is without merit. There was sufficient evidence to support the guilty finding. The "some evidence" standard of *Hill* is satisfied if "there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*. 472 U.S. at 455–56. Stated differently, "[t]his standard is met if 'there was some evidence from which the conclusion of the administrative tribunal could be deduced.'" *Id.* at 455 (quoting *United States ex rel. Vajtauer v. Comm'r of Immigration*, 273 U.S. 103, 106 (1927)). "Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence." *Id.* "[O]nly evidence that was presented to the [hearing officer] is relevant to this analysis." *Hamilton v. O'Leary*, 976 F.2d 341, 346 (7th Cir. 1992). Additionally, it is well settled that a conduct report alone may provide "some evidence" of guilt." *McPherson v. Mcbride*, 188 F.3d 784, 786 (7th Cir. 1999).

Officer Willever heard a telephone call between Lawson and Amanda Ryan in which she recited a 14-digit number to him in code. This is associated with a Green Dot or other prepaid debit card. This is sufficient to support the guilty finding that Lawson engaged in unauthorized financial transaction by possession of identifying information of a credit card, debit card, or any other card used to complete a financial transaction. *See Henderson v. United States Parole Comm'n*, 13 F.3d 1073, 1077 (7th Cir. 1993) (a federal habeas court "will overturn the [hearing officer's] decision only if no reasonable adjudicator could have found [the petitioner] guilty of the offense on the basis of the evidence presented.").

Lawson's second claim is that he was denied due process because the Hearing Officer allegedly failed to comply with mandatory language in the Adult Disciplinary Procedure (ADP) when he did not provide evidence he (Lawson) requested. Contrary to Lawson's assertions, he was not entitled to the telephone records he requested during the screening process. "Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff,* 418 U.S. at 555-56 (holding that, as long as procedural requirements ensuring reliability are met, correctional facility officials are within their authority – and are, in fact, directed – to withhold from offenders confidential information because the release of such information could compromise institutional safety or correctional goals). To the extent Lawson claims the decision to deny his request for evidence violated the ADP, this allegation is insufficient in a habeas petition. *Hester v. McBride*, 966 F.Supp. 765, 774-75 (N.D. Ind. 1997) (holding that state policy violations do not give rise to habeas relief).

Finally, Lawson complains that Officer Willever allegedly fabricated parts of the conduct report [Filing no. 1, at ECF pp. 5-6]. However, other than Lawson's accusations, there is no evidence to support the claim that Officer Willever fabricated the conduct report. Further, Lawson's case was reviewed at three separate levels during the disciplinary proceedings. "[P]risoners are entitled to be free from arbitrary actions of prison officials, but . . . even assuming fraudulent conduct on the part of prison officials, the protection from such arbitrary action is found in the procedures mandated by due process." *McPherson,* 188 F.3d at 787. Lawson received all of the protections to which he was due.

### D. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the

charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceedings. Accordingly, Lawson's petition for a writ of habeas corpus must be **denied.** Judgment consistent with this Entry shall now issue.

    **IT IS SO ORDERED.**

Date: 10/01/14

_William T. Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

Jeremy Lawson, #163040
Miami Correctional Facility
Inmate Mail/Parcels
3038 West 850 South
Bunker Hill, In 46914

Electronically registered counsel